09-2219-cv
Masino v. Falzone

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of June, two thousand and ten.

Present:      RALPH K. WINTER,
              JOHN M. WALKER, JR.,
              ROSEMARY S. POOLER,
                        Circuit Judges.

_____

VINCENT MASINO, As Trustee of Asphalt Workers Local 1018 of the Labors International Union of North America and ASPHALT WORKERS LOCAL 1018 OF THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA,

                                    Plaintiffs-Appellees,

        -v-                                    (09-2219-cv)

LUCIANO FALZONE, As Trustee of the Local Union 1018 Death Benefit Trust Fund, LOCAL UNION 1018 DEATH BENEFIT TRUST FUND, and LUCIANO FALZONE, ROBERT MARESCO, JOHN MORELLO, ALFONSO LETO, CALOGERO FALZONE, ROLAND BEDWELL, CONSTANTINO SEMINATORE,

                                    Defendants-Appellants.

_____

Appearing for Appellee:      Barbara S. Mehlsack, Gorlick, Kravitz & Listhaus P.C. New York, New York

Appearing for Appellant:      David W. New, Herbert New & David W. New, P.C., Bloomfield, New Jersey.

Appeal from the United States District Court for the Eastern District of New York (Korman, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants-appellants (hereinafter "defendants") appeal the April 28, 2009, order of the United States District Court for the Eastern District of New York (Korman, J.) granting plaintiffs-appellees' (hereinafter "plaintiffs") motion for summary judgment and denying defendants' cross-motion for summary judgment. The district court's order adopted without opinion the March 31, 2009, report and recommendation of Magistrate Judge Robert Levy. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Court reviews "de novo a district court's ruling on cross motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." Krauss v. Oxford Health Plans, 517 F.3d 614, 621-22 (2d Cir. 2008). We will affirm only where the record reveals "no genuine issue as to any material fact" and demonstrates the movant's entitlement to judgment "as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Plaintiffs brought suit under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which states, in relevant part, that "[s]uits for violations of contracts . . . between . . . labor organizations . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." It is well-established, and defendants do not dispute, that "a union constitution is a 'contract' within the plain meaning of § 301(a)." Shea v. McCarthy, 953 F.2d 29, 31 (2d Cir. 1992) (internal citations omitted).

The district court concluded that the defendants breached the Laborers' International Union of North America ("LIUNA") Uniform Local Union Constitution ("ULUC") and LIUNA's International Union Constitution ("IUC") (together "LIUNA Constitutions") by establishing the Local 1018 Death Benefit Trust Fund ("Fund") and by failing to turn over the assets in the Fund when Local 1018 was placed into trusteeship.

Defendants concede that if the Fund was not validly created under the LIUNA Constitutions, they breached their obligation to turn over Local 1018 property upon trusteeship. They argue, however, that the Fund was validly created under Article II, § 2 of the ULUC, which states that "[A] Local Union shall have the authority . . . [t]o provide for the well-being and security of members, officers and employees of the Local Union, including but not limited to the establishment of insurance, health and welfare, pension, severance, and other employee benefit plans."

Although the Executive Board and membership approved in principle the creation of a death benefit fund, at no point was a fund designating payable benefits created. The only step taken in this regard were: (i) Falzone's unilateral adoption of the Death Benefit Trust Agreement (the "Agreement"); and (ii) the transfer of funds from the Local 1018 treasury into an account

2

designated as the prospective death benefit fund. However, neither step was taken with the informed consent of either the Local 1018 Executive Board or membership, in contravention of the LIUNA Constitutions.

Moreover, the Agreement did not provide any details designating type, form, or specific benefits to be provided to members upon their death. Rather, it stated only that such details would be provided in a Schedule of Benefits to be subsequently adopted by the Trustee – i.e. Falzone. Nor did the Agreement specify conditions of eligibility with respect to participation, such as age, length of service, or other similar provisions. Finally, the Agreement did not specify the members' required contributions to the death benefit fund or procedures for the collection thereof.

Had any members died between the time the Executive Board and membership approved in principle the creation of a death benefit fund and the time the Local 1018 was placed in trusteeship, the member would have had no legal right to any specific death benefit. Accordingly, notwithstanding the approval by the Executive Board and membership of the creation of a death benefit fund, and Falzone's preliminary steps in this regard, an actual and operative death benefit plan never came into existence before the Local 1018 was placed in trusteeship.

Defendants rely heavily on three cases (collectively called the "Tile Worker Cases") that defendants claim upheld similar death benefit funds. See Tile, Marble, Terrazzo, Finishers, Shopworkers & Granite Cutters Int'l Union v. Ceramic Tile Finishers Union, Local 25, 972 F.2d 738 (7th Cir. 1992) ("TMT Local 25"); Tile, Marble, Terrazzo, Finishers, Shopworkers & Granite Cutters Int'l Union v. Tile, Marble, Terrazzo, Helpers & Finishers Local 32, 896 F.2d 1404 (3d Cir. 1990) ("TMT Local 32"); United Bhd. of Carpenters v. Tile Helpers Union Local 88, 803 F. Supp. 601 (E.D.N.Y. 1992) ("THU Local 88"). In all three cases, the courts found that the motive for creating the death benefit fund was irrelevant to the question of whether it was validly created. However, in the Tile Worker Cases, no one disputed the fact that the death benefit funds had actually been created and would in fact provide benefits to members upon their death. That is not the case here.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3